*City of Syracuse,* 54 NY2d 353), and the allegations in plaintiff's complaint do not materially or prejudicially vary therefrom. Summary judgment is granted infrequently in negligence actions, and should be granted only where there is no merit to the cause of action (*Blake v Gardino,* 35 AD2d 1022, affd 29 NY2d 876; *Donadio v Crouse-Irving Mem. Hosp.,* 75 AD2d 715), or where there is no genuine issue to be resolved at trial (*Andre v Pomeroy,* 35 NY2d 361, 364). Even where the facts are conceded in a negligence action, there is often a question as to whether the defendant or the plaintiff had acted reasonably under the circumstances. This can rarely be decided as a matter of law. The record herein does not conclusively establish that the defendant fulfilled its duty to construct and maintain a reasonably safe highway. Nor does the proof submitted by defendant in support of this motion conclusively eliminate the condition of the road at the site of the accident as a cause of the accident, or establish that the road's status merely furnished the condition for the occurrence of the accident rather than one of its causes (see *Margolin v Friedman,* 43 NY2d 982; *Sheehan v City of New York,* 40 NY2d 496, 503). Accordingly, summary judgment was properly denied (see *Conklin v County of Onondaga,* 78 AD2d 962, app dsmd 53 NY2d 939, mot for lv to app dsmd 54 NY2d 1025). (Appeal from order of Supreme Court, Livingston County, Kennedy, J. — summary judgment.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.

■ JOSEPH SAPIENZA, Respondent, v ROSE D. HAAG et al., Appellants. (Appeal No. 1.) — Order unanimously reversed, without costs, motion granted, judgment vacated and complaint dismissed. Memorandum: Defendants have moved to vacate a default judgment obtained by plaintiff on the ground that the "nail and mail" alternative for personal service attempted by plaintiff failed to comply with the provisions of CPLR 308 (subd 4). Special Term denied the motion holding that defendants are estopped from raising the jurisdictional challenge because they engaged "in conduct which was and is, calculated to prevent plaintiff from learning of their address." This was error. As to the issue of equitable estoppel, there is nothing in the record before us that indicates that defendants engaged in conduct which was calculated to prevent plaintiff from learning their new address. A potential defendant has no obligation to keep a potential plaintiff informed of his whereabouts (*Feinstein v Bergner,* 48 NY2d 234; *Gilbert v Lehman,* 73 AD2d 793). Defendants' assertion that they have not lived at 123 Westminster Street since August, 1980 has not been refuted by plaintiff. Indeed, defendants' daughter who did reside at defendants' former residence on Westminster Street at the time of the attempted service advised plaintiff's attorney several times that defendants no longer resided there. CPLR 308 (subd 4) requires that the summons be affixed to the door of defendants' actual dwelling place or usual place of abode within the State, not at the last known residence. " '[D]welling place' " and " 'usual place of abode' " as used in the statute are not synonymous with " 'last known residence' " (*Feinstein v Bergner, supra,* p 239). The fact that defendants still owned the premises and that the tax rolls indicated as much is of no moment. The court did not obtain jurisdiction of the case since the statutory provisions for substituted service were not complied with. The judgment must be vacated and the complaint dismissed (see Siegel, 1980 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1981-1982 Pocket Part, CPLR 5015, p 335; Siegel, New York Practice, p 134). (Appeal from order of Supreme Court, Erie County, Kasler, J. — vacate default judgment.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.

■ JOSEPH SAPIENZA, Respondent, v ROSE D. HAAG et al., Appellants. (Appeal No. 2.) — Appeal unanimously dismissed as moot. (Appeal from order of

Supreme Court, Erie County, Kasler, J. — renew or reargue.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.

■ In the Matter of DAVID K. GRAHAM, Petitioner, v PAUL I. MILES, as Orleans County Court Judge, et al., Respondents. — Petition unanimously dismissed, without costs. Memorandum: Petitioner commenced this CPLR article 78 proceeding to prohibit respondent, an Orleans County Court Judge, from allowing less than 45 days to file pretrial motions and from holding pretrial conferences prior to pretrial motions. Petitioner contends that respondent's scheduling practices violate CPL 255.20 and section 1590.2 of the Uniform County Court Rules. (22 NYCRR 1590.2.) A writ of prohibition is an extraordinary remedy available in very limited instances and only where there is both a clear legal right and no adequate remedy at law (*Matter of Dondi v Jones,* 40 NY2d 8; *Matter of State of New York v King,* 36 NY2d 59). It lies only when a court acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction (*Matter of State of New York v King, supra; Matter of Proskin v County Ct. of Albany County,* 30 NY2d 15). It is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous (*La Rocca v Lane,* 37 NY2d 575, cert den 424 US 968). The writ may issue in the sound discretion of the court (*La Rocca v Lane, supra; Rossettie v Finnerty,* 85 AD2d 928). Petitioner contends that the trial court's scheduling of pretrial motions and conferences is in violation of the statutory mandate. A similar claim, involving the number of pre-emptory challenges granted by the trial court in violation of CPL 270.25 was raised in *Matter of State of New York v King (supra).* In *King,* the Court of Appeals held that article 78 relief was unavailable. Furthermore, unlike *King* wherein the People had no recourse by way of appeal, petitioner merely claims that the appellate route after conviction is a less effective remedy (see *Matter of Legal Aid Soc. of Sullivan County v Scheinman,* 53 NY2d 12). Petitioner has failed to demonstrate a clear legal right and no adequate remedy at law and, therefore, article 78 relief is unavailable to him. (Article 78.) Present — Simons, J. P., Callahan, Doerr, Moule and Schnepp, JJ.

■ FRANK S. DANO et al., Respondents-Appellants, v ROYAL GLOBE INSURANCE COMPANY et al., Defendants, and WILLIAM S. ANDREWS et al., Individually and as Copartners Doing Business Under the Firm Name and Style of Andrews, Huffman & Donnelly, Appellants-Respondents. — Order unanimously modified in accordance with memorandum, and, as modified, affirmed, without costs. Motion for discovery denied. Memorandum: This is an action by insureds against their fire insurance company, defendant Royal Globe Insurance Company, the broker who issued the policy, defendant Turnbull, the insurer's attorneys, defendants Andrews, Huffman and Donnelly, and the insurer's claims manager and adjuster, defendant DeDomenico. On January 31, 1980 plaintiffs became the owners of a fire-damaged building at 148 Hobart Street, Utica, New York. They purchased the property "as is" for $1,500 and insured it with defendant Royal Globe through defendant Turnbull under a policy providing coverage limits of $15,000 on the building and $5,000 on the contents. Two weeks later, on February 14, 1980, the property was damaged again by fire. Efforts were made by the insurer to adjust the loss but failed because plaintiffs demanded payment of the full coverage. Finally, on December 8, 1980 defendant attorneys wrote plaintiffs' counsel, with a copy to plaintiffs and their adjuster, disclaiming because of conduct constituting "fraud, misrepresentation and false statements" within the terms of the policy. The letter stated the particulars on which the insurer relied. This action followed. Plaintiffs allege four causes of action: (1) defamation because of the